United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN CRUZ-RAMIREZ,
Plaintiff,

v.

CARLTON,
Defendant.

Case No. 26-cv-06595-NW

**ORDER OF TRANSFER**

Petitioner Jonathan Cruz-Ramirez, a federal prisoner, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 4 at 6. On July 27, 2026, Petitioner paid the filing fee for this case. He is currently housed in USP Coleman, located in Sumter County, Florida. *See id*. at 1. The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] For the reasons set forth below, this matter is **TRANSFERRED** to the United States District Court for the Middle District of Florida.

## I. BACKGROUND

Petitioner alleges that the Federal Bureau of Prisons miscalculated one of his terms, which was supposed to end on September 28, 2010, and instead calculated the term to end on November 30, 2011. ECF No. 4 at 2. He also alleged on the face of his petition that he filed an administrative grievance regarding the calculations. *Id.* Petitioner seeks restoration of fourteen months of sentence credits. *Id.*

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all the rules to other types of habeas corpus petitions, including § 2241 petitions.

## II. PROPER REMEDY

Federal prisoners are typically entitled to seek habeas corpus relief through two avenues: 28 U.S.C. § 2255 and 28 U.S.C. § 2241. A petition under § 2255 is the proper vehicle for a federal prisoner challenging his or her conviction, or the sentence imposed. *See* 28 U.S.C. § 2255(a). Review of the execution of a federal sentence, however, must be brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). This includes responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Id.* at 333–35; *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992). District courts do not have the power to suspend the imposition of a sentence and also lack the authority to grant and compute time credits at sentencing. *See Wilson*, 503 U.S. at 333; *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam) (striking district court's grant of credits to prisoner for time served from the date of his arrest for probation violation until he was sentenced). Once a prisoner commences his federal sentence and exhausts his administrative remedies, however, a prisoner can petition for judicial review of the Attorney General's computation of his sentence. *See Wilson*, 503 U.S. at 335; *Checchini*, 967 F.2d at 350. Because a challenge to the computation of custody credits is a challenge to the execution of a federal sentence, such claims must be brought forth through a petition under 28 U.S.C. § 2241. *See United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).

Accordingly, Petitioner's claim appears to be cognizable under 28 U.S.C. § 2241.

## III. JURISDICTION

Under § 2241, "the Supreme Court, any justice thereof, the district courts[,] and any circuit judge" may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted "within their respective jurisdictions" to mean that the court issuing the writ must have jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–42 (2004). Accordingly, where a petitioner is incarcerated in one state

and files a § 2241 petition in a federal district court in another state, the federal district court receiving the petition lacks jurisdiction over his custodian to effect process or enforce its orders and must accordingly transfer or dismiss the petition. *See, e.g., Hassain v. Johnson*, 790 F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in California to address petition where inmate incarcerated in Arizona), *cert. denied*, 479 U.S. 1038 (1987); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984) (no jurisdiction in Washington to address petition where inmate incarcerated in Kansas).

Here, because Petitioner and his custodian are located in Sumter County, Florida, the Court concludes it lacks jurisdiction to grant relief in this matter. *See* 28 U.S.C. § 84(a).

**IV. PROPRIETY OF TRANSFER**

Having determined that this Court does not have jurisdiction over Petitioner's claim, the Court must decide whether to dismiss the petition or transfer this action to the United States District Court for the Middle District of Florida, which includes Sumter County and had jurisdiction over Petitioner and his custodian at the time he filed his 28 U.S.C. § 2241 petition. *See* 28 U.S.C. § 89(b).

The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2000). Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001).

The first condition is met because this Court lacks jurisdiction over the claim in the petition given Petitioner's confinement outside the Northern District of California. The second condition also appears to be met because Petitioner alleges that he filed a grievance regarding the calculations and filed the instant petition while housed in USP Coleman, located in Sumter County, Florida; the United States Court for the Middle District of Florida therefore appears to have jurisdiction over Petitioner's § 2241 petition and claim. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief[.]") (citation modified). With respect to the third condition, the interests of justice weigh in favor of a

transfer rather than a dismissal, as Petitioner has already paid the filing fee and appears to state a cognizable claim under § 2241. The Court finds that transfer of this action is therefore appropriate.

## V. CONCLUSION

In the interest of justice and pursuant to 28 U.S.C. § 1631, this action is **TRANSFERRED** to the United States District Court for the Middle District of Florida. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California